IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARMELO PAGAN** | : | |
| **HERNANDEZ,** | : | |
| **Plaintiff** | : | |
| | : | No. 1:22-cv-00841 |
| v. | : | |
| | : | (Judge Rambo) |
| **LT. KEENEY, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Pro se Plaintiff Carmelo Pagan Hernandez ("Plaintiff"), who is currently incarcerated at Federal Correctional Institute Schuylkill in Minersville, Pennsylvania ("FCI Schuylkill"), has commenced the above-captioned action by filing a complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) ("Bivens").[1]  In accordance with the Prison Litigation Reform Act,[2] the Court has conducted an initial review of Plaintiff's complaint.  For the reasons that are set forth below, the Court will dismiss Plaintiff's complaint for

---

[1]  Although Plaintiff's complaint does not identify a cause of action, the Court construes his complaint as asserting a Bivens cause of action, because Plaintiff has brought a suit for damages against federal officials for alleged constitutional violations.

[2]  See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

failure to state a claim upon which relief may be granted. The Court will, however, grant Plaintiff leave to file an amended complaint.

I.  **BACKGROUND**

On May 27, 2022, Plaintiff filed his complaint against the following three (3) individuals, all of whom appear to be employed by the United States Bureau of Prisons and work at FCI Schuylkill: Lieutenant Keeney; Lieutenant Barrett; and Warden Sage. (Doc. Nos. 1, 1-1.) On that same date, Plaintiff also filed a motion for leave to proceed in forma pauperis, as well as his prisoner trust fund account statement. (Doc. Nos. 2, 3.) The Court, having reviewed Plaintiff's motion and his account statement, will grant him leave to proceed in forma pauperis and will deem his complaint filed.

In his complaint, Plaintiff alleges that, on June 22, 2021, he was placed in the special housing unit ("SHU") at FCI Schuylkill. (Doc. No. 1 at 4.) Although he does not explain the details surrounding his placement there, he has attached an incident report, as well as an administrative detention order to his complaint. (Doc. No. 1-1 at 1, 2.) Those documents reflect that, on June 22, 2021, Plaintiff was allegedly in possession of a dangerous weapon (id. at 2) and that, as a result, he was placed in the SHU pending an investigation (id. at 1). Plaintiff alleges, however, that this incident report "was suspended" and that he has now been confined to the SHU for over ten (10) months without being afforded the

opportunity "to see a Disciplinary Hearing Officer." (Doc. No. 1 at 4.) Plaintiff also alleges that he has been subjected to "harassing searches" and that his commissary items have been taken from him. (Id.)

As a result of the foregoing, Plaintiff claims that his rights under the First, Eighth, and Fourteenth Amendments have been violated. (Doc. No. 1-1 at 3.) Plaintiff also claims that he has suffered mental health injuries from the "stress," "anxiety," and "psychological trauma," as well as "stiffness and sores" due to his "limited movement." (Id.) As for relief, he seeks "a payment sufficient to compensate" him for "the harshness," for the "excessive" length of his confinement in the SHU, and for "the violation of [his] due process rights." (Id.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. See id.

In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.

1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010) (explaining that the complaint must be "construe[d] . . . in the light most favorable to the plaintiff" and that it "must contain enough factual matter (taken as true) to suggest the required element[s] of the claims asserted" (citation, and internal citation and quotation marks omitted) (alterations in original)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III. DISCUSSION

Plaintiff has filed a complaint pursuant to Bivens, alleging that his confinement in the SHU at FCI Schuylkill violates his constitutional rights under the First, Eighth, and Fourteenth Amendments. (Doc. Nos. 1, 1-1.) For the reasons discussed below, the Court finds that Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. Although Plaintiff avers that he is entitled to relief, his complaint does not show such an entitlement with its facts. As a result, the Court will dismiss Plaintiff's complaint, but without prejudice to Plaintiff filing an amended complaint in order to attempt to cure the deficiencies identified herein.

### A. Bivens

"Bivens is the short-hand name given to causes of action against federal officials for alleged constitutional violations." Bistrian v. Levi, 912 F.3d 79, 88 (3d Cir. 2018). "In the case giving the doctrine its name, the Supreme Court held there is a cause of action for damages when a federal agent, acting under color of his authority, conducts an unreasonable search and seizure in violation of the Fourth Amendment." Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021) (citing Bivens, 403 U.S. at 389, 397, 91 S.Ct. 1999)). The Supreme Court subsequently recognized two (2) other Bivens actions: one under the Fifth Amendment's due process clause for gender discrimination in the employment

5

context, see Davis v. Passman, 442 U.S. 228, 248-49 (1979); and the other under the Eighth Amendment's prohibition of cruel and unusual punishment clause in the prison medical care context, see Carlson v. Green, 446 U.S. 14, 23-25 (1980). See also Bistrian, 912 F.3d at 89; Shorter, 12 F.4th at 371.

In 2017, however, the Supreme Court "made clear" in Ziglar v. Abbasi, (2017) ("Abbasi") that any further expansion of Bivens "is now a 'disfavored' judicial activity." See id. at 1857; Mack v. Yost, 968 F.3d 311, 318 (3d Cir. 2020) (explaining that "the Supreme Court has consistently refused to expand *Bivens* actions beyond these three specific contexts"). Thus, to curb the improper expansion of Bivens, the Supreme Court has established a two (2)-part inquiry for courts to follow when determining whether a Bivens action should be extended to a new context. See Bistrian, 912 F.3d at 89-90; Shorter, 12 F.4th at 372-73.

Under Abbasi, courts must first determine "whether a case presents a new *Bivens* context" by asking "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court[.]" See id., 137 S.Ct. at 1859. "If a case does not present a new *Bivens* context, the inquiry ends there, and a *Bivens* remedy is available." See Shorter, 12 F.4th at 372 (citation omitted). If, however, the case presents a new *Bivens* context, then courts must next determine "whether any 'special factors counsel[ ] hesitation'" in permitting an extension of the doctrine. See id. (quoting Abbasi, 137 S.Ct. at 1857-58); Bistrian, 912 F.3d at

6

90 (explaining that "[t]here may be many such factors, but two are particularly weighty: the existence of an alternative remedial structure and separation-of-powers principles" (citing Abbasi, 137 S.Ct. at 1857-58)).

### 1. Failure to Allege Personal Involvement

"In the limited settings where Bivens does apply," it acts as "the 'federal analog to suits brought against state officials under [42 U.S.C. §1983].'" See Ashcroft, 556 U.S. at 675-76 (quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)). And, in order for a plaintiff to allege a deprivation of a constitutional right under either Bivens or §1983, the plaintiff must allege the personal involvement of each defendant. See id. at 676 (explaining that, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (stating that a "defendant in a civil rights action must have personal involvement in the alleged wrongs . . .").

Applying these standards to the instant matter, the Court finds that Plaintiff's Bivens claims against Defendants are subject to dismissal because the complaint does not allege that each Defendant had personal involvement in the events giving rise to Plaintiff's claims. Although Plaintiff has named all three (3) individuals as Defendants in the caption of his complaint, he does not reference them at any other

7

point in the body of his complaint. Simply naming a defendant, however, without providing any further allegations as to how that individual's actions or inactions deprived Plaintiff of his constitutional rights, is insufficient to satisfy the personal involvement requirement of a civil rights action. Accordingly, Plaintiff's claims must be dismissed for failure to allege the personal involvement of Defendants.

### 2. Failure to Satisfy Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2). This short and plain statement must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which those claims rest. See Erickson v. Pardus, 551 U.S. 89, 93 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief[; it] "has to show such an entitlement with its facts." See Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (citation and internal quotation marks omitted).

As discussed above, however, Plaintiff's complaint does not allege any facts concerning Defendants' involvement in the asserted constitutional violations. As a result, the Court has been left—and Defendants, if served, would also be left—to speculate as to what alleged conduct on their part gives rise to the asserted constitutional violations. Thus, because Plaintiff's complaint does not provide fair

notice of the grounds upon which Plaintiff's claims rest, the Court finds that Plaintiff's complaint does not satisfy Rule 8. See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) ("Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." (citation and internal quotation marks omitted)); see also Binsack v. Lackawanna County Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (affirming district court's dismissal of a complaint where it "defie[d] any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted [a cause of action]").[3]

### B. Leave to Amend

The only remaining issue is, therefore, whether Plaintiff should be granted leave to amend his complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

---

[3] Given the Court's findings, it is unnecessary to address whether Bivens extends to Plaintiff's claims.

9

The Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that granting Plaintiff leave to amend would be futile and, thus, the Court will grant Plaintiff leave to file an amended complaint in order to attempt to cure the deficiencies identified herein. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV.   CONCLUSION

To conclude, the Court will dismiss Plaintiff's complaint (Doc. Nos. 1, 1-1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).  The Court will also, however, grant Plaintiff leave to file an amended complaint.  An appropriate Order follows.


Dated:  June 8, 2022                                        s/ Sylvia H. Rambo
                                                            SYLVIA H. RAMBO
                                                            United States District Judge